DECISION
 IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
James Goodwin filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him temporary total disability ("TTD") compensation and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which recommends that we deny the requested writ.
Counsel for Mr. Goodwin has filed objections to the magistrate's decision. Counsel for Intermec Media Products, the employer of Mr. Goodwin at the time of his injury, has filed a memorandum contra the objections. Counsel for the commission also has filed a memorandum in support of the magistrate's decision. The case is now before the court for a full, independent review.
James Goodwin was injured on April 16, 1998. He was off work for the next four days and sought medical treatment on April 20, 1998. At the time of the treatment, a urine sample was obtained. The urine sample indicated the presence of tetrahydrocannabinol ("THC"), so was considered a positive for test for marijuana use.
Intermec Media Products utilizes a handbook which contains employment policies. The handbook includes:
Drug-Free Workplace
 Intermec believes you should not have to work with anyone who is under the influence of or impaired by alcohol or controlled substances during working hours or on Company premises.
* * *
 Intermec strictly prohibits all Team Members from the unlawful manufacture, distribution, dispensing, possession or use of alcohol or controlled substances in the Company's workplace or during working hours. Any Team Member coming to or returning to work under the influence of or impaired by alcohol or controlled substances will be in violation of this policy, which may result in appropriate disciplinary action up to and including termination.
* * *
Unacceptable Behavior
 You are expected to conduct yourself in a manner that reflects our Company's high standards. Restricting unacceptable behavior assures a consistent, fair and safe work environment. The following in a partial listing of unacceptable behavior which may result in disciplinary action up to and including termination:
* * *
 Possession, use, or sale of alcoholic beverages or illegal controlled substances on Company premises or Company time. This includes coming to work under the influence of, or impaired by, alcohol or illegal controlled substances.
Both the commission and the magistrate equated the presence of THC in the urine with being under the influence of marijuana. This equating is scientifically incorrect. THC is soluble and traces of it can remain in bodily fluids and tissue for an extended period of time after marijuana has been smoked or ingested. THC can still be present in bodily fluids and tissue long after the concentration in the blood is well below the concentration necessary to affect the central nervous system. Stated somewhat differently, a person can still test positive for marijuana use days after the effects of marijuana on a person's conduct and/or coordination have passed.
The personnel handbook distributed by Intermec Media Products is clear in its concern that employees avoid coming to work while under the influence of drugs or alcohol. However, the company does not bar the use of drugs or alcohol at time when the employee is not working and when the effects of the recreational usage will have worn off before the person returns to work.
Nothing in the evidence before us indicates that Mr. Goodwin was under the influence of marijuana when he sought medical treatment or when he was on the employer's premises. Under the circumstances, the employer could not use the positive test for THC as the basis for firing Mr. Goodwin and have the termination of his employment be considered a "voluntary abandonment of employment."
We sustain the objections to the magistrate's decision. We adopt the findings of fact contained in the magistrate's decision, but not the conclusions of law. As a result, we grant a limited writ of mandamus compelling the commission to vacate its order denying Mr. Goodwin TTD compensation and compelling the commission to determine his entitlement to TTD compensation based upon his medical condition, not a theory that he voluntarily abandoned his employment with Intermec Media Products.
Objections sustained; limited writ granted.
PETREE, J., concurs, BRYANT, J., concurs separately.